IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TAXPAYER 12, | ) |
| | ) Case No. 24-cv-427-GSL-JEM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT UNITED STATES' OBJECTION TO
TAXPAYER 12'S MOTION TO PROCEED UNDER PSEUDONYM**

The Court should deny "Motion To Proceed Under Pseudonym (Dkt. No. 5, the "Motion") filed by "Taxpayer 12" because they have failed to demonstrate exceptional circumstances meriting this rare form of relief. It appears that "Taxpayer 12" is seeking a refund of taxes and damages. *See* Dkt. 1 (the "Complaint") at 4-5. The United States has already been, and will continue to be, prejudiced by Taxpayer 12's attempt to proceed anonymously. Further, the public interest in open court proceedings and monitoring the distribution of public funds will be harmed if taxpayers are allowed to sue the United States for tax refunds and damages without disclosing their identity.

Taxpayer 12's Complaint in this matter is also improper under Fed. R. Civ. P. 17(a) because it is not being prosecuted in the name of the real party in interest, and under Fed. R. Civ. P. 10(a) by being incorrectly captioned. Therefore, in addition to denying Taxpayer 12's Motion, the Court should order them to either amend the Complaint to properly name the real party in interest, withdraw their suit, or face dismissal without prejudice.

### I. Taxpayer 12's use of a pseudonym is unwarranted in this tax refund suit, prejudices the United States, and harms the public interest.

Taxpayer 12 filed suit against the United States on December 5, 2024, seeking a refund of $3,920.24 of federal taxes.  Dkt. 1 at 4.  The Complaint did not use the name of the real party in interest seeking this refund or provide any identifying information about the taxpayer at issue, instead using the fictitious name "Taxpayer 12."  On January 8, 2025, undersigned counsel sent a letter via email to Renee Babcoke, the attorney appearing for Taxpayer 12, asking Ms. Babcoke to verify the identity of the taxpayer and informing her that it is improper under the Federal Rules of Civil Procedure to file suit under a fictitious name without leave of court.  On January 16, 2025, Ms. Babcoke verified the identity of the taxpayer and notified undersigned counsel that she had filed the Motion to proceed anonymously.[1]

The United States objects to the Motion.  "The norm in federal litigation is that all parties' names are public."  *Doe v. Trustees of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024).  Taxpayer 12 has not met the high bar required to deviate from this norm in this case.

### A. There are no exceptional circumstances for Taxpayer 12 to proceed anonymously in this suit for a refund of taxes.

Taxpayer 12 has not shown that they meet the narrow and exceptional circumstances required to conceal their name from the public in federal court.  There is a strong presumption in favor of publicly naming all parties to all federal litigation—a presumption embedded in the Federal Rules of Civil Procedure.  First, "every pleading" must have an appropriate caption and "[t]he title of the complaint must name all the parties."  Fed. R. Civ. P. 10(a).  Further, "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).

---

[1] The disclosure of the identity of the plaintiff may raise additional issues that are not apparent from the face of the complaint.

No rule of civil procedure allows parties to proceed anonymously. The rules requiring that all parties be named are not a mere formality. Instead, they are required by the foundational principle that "[t]he people have a right to know who is using their courts. Secrecy makes it difficult for the public (including the bar) to understand the grounds and motivations of a decision, why the case was brought (and fought), and what exactly was at stake in it." *Doe v. Loyola Univ. Chi.*, 100 F.4th 910, 913 (7th Cir. 2024) (quoting *Mueller v. Raemisch*, 740 F.3d 1128, 1135-36 (7th Cir. 2014); *see also Doe v. Cook Cty.*, 542 F. Supp. 3d 779, 783 (N.D. Ill. 2021) ("[T]hough seemingly pedestrian, [Fed. R. Civ. P. 10(a)] serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." (internal quotation marks and citations omitted).

Courts in the Seventh Circuit have found, however, that "in narrow circumstances it is possible to overcome the 'presumption that parties' identities are public information.'" *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) (quoting *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)). Taxpayer 12 is correct that this Court has the discretion to allow them to proceed under a pseudonym, but they have badly misstated the standard for doing so. Taxpayer 12's Motion suggests a nine-factor test, relying heavily on *Doe v. Town of Plainfield*, 860 N.E.2d 1204, 1208 (Ind. Ct. App. 2007). *See* Dkt. 5 at 2-3. But *Town of Plainfield* is an Indiana state court case that has little bearing on the proper standard for federal cases in the Seventh Circuit. Taxpayer 12's citation to this non-binding authority is dwarfed by the Seventh Circuit's multiple recent binding precedents on this issue. *See Trustees. of Ind. Univ.*, 101 F.4th at 491-93; *Loyola*, 100 F.4th at 913; *Dettelbach*, 59 F.4th at 259-60. Notably, this controlling authority does not appear in Taxpayer 12's Motion.

The Seventh Circuit has found as recently as last year that a "multi-factor approach" like that suggested by Taxpayer 12 "has not been adopted by this circuit." *Trustees of Ind. Univ.*, 101 F.4th at 492. Instead, the moving party "must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Chicago*, 360 F.3d at 669); *see also E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019) ("[o]nly 'exceptional circumstances' justify the use of a fictitious name for an adult party." (quoting *Blue Cross*, 112 F.3d at 872)).

In *Trustees of Ind. Univ.*, the court reversed a district judge's determination that the plaintiff could proceed anonymously, concluding that "[t]he district judge abused his discretion when permitting 'John Doe' to conceal his name without finding that he is a minor, is at risk of physical harm, or faces improper retaliation (that is, private responses unjustified by the facts as determined in court)." 101 F.4th at 493. The court then remanded, instructing the district court to dismiss the case unless the plaintiff either withdrew their suit or disclosed his name. *Id.* Similarly, in *Loyola*, the Seventh Circuit reversed a district courts' decision to allow an alleged perpetrator of sexual misconduct to sue anonymously, emphasizing that, even though anonymous litigation is common in cases involving sexual discrimination, "a desire to keep embarrassing information secret does not justify anonymity." 100 F.4th at 913. Like in *Trustees of Ind. Univ,* the court in *Loyola* remanded to allow the plaintiff to withdraw their suit to preserve their anonymity. *Id.* at 914.

Based on the Seventh Circuit's reasoning in *Trustees of Ind. Univ* and *Loyola*, Taxpayer 12 may only proceed anonymously by showing that exceptional circumstances similar to one of

the grounds accepted by the Seventh Circuit are present in this case.² It is Taxpayer 12's burden to prove the existence of exceptional circumstances by facts in the record. *See Doe I v. South Madison Cmty. Sch. Corp.*, No. 1:24-CV-00476-SEB-KMB, 2024 WL 4476294, at *1 ("[T]he moving party 'ultimately bears the burden of proof to show that [the circumstances] outweigh[ ] the ordinary presumption of judicial openness.'" (quoting *Cook County,* 542 F. Supp. 3d at 785) (alterations in original). However, Taxpayer 12 has pled no facts other than highly speculative and conclusory assertions, or *unexceptional* circumstances, for how they might be harmed by the normal means of public litigation.

    First, Taxpayer 12 has alleged that they "run[] a business that might be harmed if her identity and financial information were disclosed to the public." Dkt. No. 5 at 1. Taxpayer 12's Motion, however, does not even state what their business is, much less offer any facts or explanation for how their business might be harmed if their name was public. Taxpayer 12 has further asserted that "disclosure of financial records are involved" in this case, "petitioner may suffer injury in her personal, financial and professional life if identified" and "petitioner would likely be prejudiced if identified." Dkt. No. 5 at ECF page 2-3. Again, Taxpayer 12 has not put any facts in the record to support these conclusory statements. Further, the types of financial information that might be disclosed in this case are no different than what is normally disclosed in the countless tax refund cases filed every year. The speculative allegations in Taxpayer 12's Motion are far from the "exceptional circumstances" required to proceed under a fictitious name. *Gardner*, 929 F.3d at 926 (quoting *Blue Cross & Blue Shield*, 112 F.3d at 872). What they are

---

² The importance of recent Seventh Circuit precedent on this issue was noted last year in the Southern District of Indiana in *Doe I v. S. Madison Cmty. Sch. Corp.*, No. 1:24-CV-00476-SEB-KMB, 2024 WL 4476294, at *1 (S.D. Ind. Oct. 11, 2024) ("Earlier this year, the Seventh Circuit Court of Appeals issued two opinions that primarily guide this Court's analysis. *See Trustees of Ind. Univ.*, 101 F.4th at 485; *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024).").

describing is an unexceptional tax refund suit, which necessarily requires disclosing some degree of financial information to public scrutiny.

Further, the speculations and conclusions in Taxpayer 12's Motion are not comparable to the circumstances described by the Seventh Circuit's recent precedents where proceeding under a pseudonym are sometimes permissible. *See Trustees of Ind. Univ.,* 101 F.4th at 493; *Loyola*, 100 F.4th at 913. Taxpayer 12 has not alleged that they are a minor, that they are at risk of physical harm, or that they face "improper retaliation (that is, private responses unjustified by the facts as determined in court)." *Trustees of Ind. Univ.,* 101 F.4th at 493. Further, Taxpayer 12 has not alleged that they are the victim of a sex crime. *See Loyola Univ.* 100 F.4th at 913. Therefore, none of the grounds accepted under the Seventh Circuit's recent precedent on this issue are comparable here, especially considering the lack of verifiable facts in Taxpayer 12's Motion. *Cf Doe 3 v. Elmbrook Sch. Dist.,* 658 F.3d 710, 721-24 (7th Cir. 2011), *adopted on this issue by Doe v. Elmbrook School District,* 687 F.3d 840, 842-43 (7th Cir. 2012) (en banc) (granting a motion to proceed anonymously supported by eight sworn declarations, testimony that the plaintiffs and their children had suffered reprisals from school officials and workplace supervisors for their religious views, and comments posted in an online community forum using threatening language against the plaintiffs).

Since Taxpayer 12 has not met their burden to show exceptional circumstances warranting proceeding under a pseudonym, and have not shown any of the narrow grounds authorized by the Seventh Circuit for doings so, the Court should deny Taxpayer 12's Motion to proceed anonymously, regardless of the extent of the prejudice to the United States.

**B.     The United States will be prejudiced in this case and in future litigation if Taxpayer 12 is allowed to proceed anonymously.**

In comparison to the lack of harm to Taxpayer 12 demonstrated by their Motion, their attempt to litigate in secret has already prejudiced the United States' ability to respond to their claims. Allowing Taxpayer 12 to proceed anonymously will continue to prejudice the United States in this case and has the potential to harm the United States' ability to litigate tax refund cases in the future.

The United States has been prejudiced in its ability to properly respond to the Complaint, despite Taxpayer 12's assertions. Ms. Babcoke filed Taxpayer 12's Complaint on December 5, 2024, but she did not verify the taxpayer's identity to undersigned counsel until January 16, 2025—by which point over half the United States time to respond to the Complaint had elapsed.

Further, the United States ability to assess the claims in the Complaint have been hampered by Taxpayer 12's practice of redacting documents that they themselves assert prove their claims. Taxpayer 12's Complaint repeatedly cited to several Exhibits that would have contained identifying information. *See* Dkt. 1 at 1-2. These documents were not attached to the Complaint, though, but were instead sent separately to the United States Attorney and the IRS. When undersigned counsel located these documents, they discovered that Taxpayer 12 had heavily redacted them, hiding not just their social security number[3] but also their name, dates, addresses, signatures, and other information required to verify the authenticity of these documents and assess the extent to which they support Taxpayer 12's Complaint. Then, on January 6, 2025, Taxpayer 12 served a subpoena under this case's caption on the United States

---

[3] Which the United States agrees is properly redacted in court filings.

Attorney's Office requesting the IRS to produce documents.[4] Attached was another redacted document, with not just social security numbers obscured, but also names and addresses. Taxpayer 12's improper redactions have cost the United States unnecessary time and effort, and prejudiced its ability to timely respond to the Complaint.

If Taxpayer 12 is allowed to proceed anonymously in this case, it could also prejudice the United States in future tax cases. The United States defends hundreds, if not thousands of tax refund suits every year. This case would not require the disclosure of any information that is not standard in tax refund suits. Taxpayer 12 bases their claim for secrecy on the allegation that they run a business that *might* be harmed if their identity and financial information were disclosed. Dkt. 5 at 1. If this claim is sufficient to warrant litigating anonymously, then every tax case involving a business would meet this threshold, making it far more difficult for the United States to determine which refund claims have merit.

Since Taxpayer 12 has not shown any harm caused by disclosing their identity, the prejudice to the United States far outweighs any prejudice to Taxpayer 12, and their Motion should be denied. *See Deerfield*, 819 F.3d at 377 (the moving party "must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity").

### C.   The public interest will be harmed if Taxpayer 12 is allowed to proceed anonymously.

Allowing taxpayers to litigate anonymous tax refund suits against the Federal Government will also damage the special public interest in open courts in cases involving

---

[4] This subpoena to the United States, as a defendant, is clearly improper and untimely under Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). The United States has informed Ms. Babcoke that it would not respond to the subpoena.

government funds. *See Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005) ("The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret."). The American public has a particular interest in knowing what is happening to their tax dollars—an interest which is harmed by anonymous parties secretly claiming tax refunds. ; *Doe v. Cook Cty.*, 542 F. Supp. 3d 779, 790 (N.D. Ill. 2021) ("The public has a strong interest in knowing the accusations against its tax-funded entities as well as the identities of the individuals making those accusations."); *Dettelbach*, 59 F.4th at 259 ("Judicial proceedings are supposed to be open . . . in order to enable the proceedings to be monitored by the public. The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity." (quoting *Chicago*, 360 F.3d at 669)).

Taxpayer 12 has claimed that "there is no known public interest in disclosing petitioner's identity to the general public." Dkt. 5 at 3. This is simply incorrect. The Seventh Circuit has *repeatedly* found that there is a general public interest in knowing the identity of the parties to litigation. *See Trustees. of Ind. Univ.*, 101 F.4th at 491; *Loyola*, 100 F.4th at 913; *Dettelbach*, 59 F.4th at 259; *Smith*, 429 F.3d at 710; *Chicago*, 360 F.3d at 669. This interest is necessarily heightened when a party seeks to obtain public funds from the IRS without disclosing their identity. Since Taxpayer 12 has not shown exceptional circumstances outweighing the public interest in knowing the identity of the parties in tax litigation, their Motion should be denied.

**II.    The Court should order Taxpayer 12 to withdraw their Complaint or file an amended complaint that complies with Fed. R. Civ. P. 10(a) and 17(a).**

Taxpayer 12 has not met the high burden required for this Court to allow them to proceed under a fictitious name, and their Motion to that effect should be denied. However, simply denying their Motion will not cure the prejudice to the United States and the public interest. Under Fed. R. Civ. P. 10(a) and 17(a), Taxpayer 12's Complaint is insufficient as a matter of law

and must be amended before this case can continue. Nor should this court simply make Taxpayer 12's identity public. Instead, the Seventh Circuit in *Trustees of Ind. Univ.* and *Loyola* found that when a motion to proceed under a pseudonym is denied, the moving party should be given a chance to withdraw their complaint to keep their identity secret. 101 F.4th at 493; 100 F.4th at 914. Therefore, the United States requests this Court to give Taxpayer 12 thirty days to either voluntarily dismiss their action without prejudice, file an amended complaint that complies with Fed. R. Civ. P. 10(a) and 17(a), or face Court-ordered dismissal without prejudice.

WHEREFORE, for the foregoing reasons, the defendant United States requests that Taxpayer 12's Motion to proceed under a pseudonym be denied. The United States further requests a court order requiring Taxpayer 12 to, within 30 days of this Court's ruling on their Motion, either voluntarily dismiss without prejudice their action, file an amended complaint that complies with the requirements of Fed. R. Civ. P. 10(a) and 17(a), or face court-ordered dismissal without prejudice.

Respectfully Submitted,

UNITED STATES OF AMERICA,
DEFENDANT

*/s/ Arlo B. Blaisus*
ARLO B. BLAISUS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-3339 (v)
202-514-5238 (f)
Arlo.Blaisus@usdoj.gov