UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TAXPAYER 12,                    ) | |
|     Plaintiff,          ) | |
|                               ) | |
| v.                              ) | CAUSE NO.: 2:24-CV-427-GSL-JEM |
|                               ) | |
| UNITED STATES OF AMERICA,       ) | |
|     Defendant.         ) | |

**ORDER**

This matter is before the Court on a Motion to Proceed under Pseudonym [DE 5], filed by Plaintiff on January 15, 2025[1]. Plaintiff requests that the Court grant her leave to proceed anonymously during this case. Defendant filed a response on January 27, 2025; Plaintiff has not filed a reply, and the time to do so has expired.

Plaintiff's Complaint appeals specific actions taken by the Internal Revenue Service and alleges that it acted negligently in its dealings with her. She requests that she be permitted to proceed by a pseudonym since this case exposes her and her business to the risk of financial harm if her identify is revealed. The Defendant objects and argues that Plaintiff has failed to demonstrate any exceptional circumstances warranting anonymity.

The Seventh Circuit Court of Appeals has explained that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Indiana*

---

[1] The Court notes that Plaintiff's motion and memorandum fail to conform to Northern District of Local Rule 5-4, in that it is single spaced, fails to include page numbers, and the motion and memorandum are filed as a single document, but does not deny the motion for this reason.

1

*Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (recognizing that courts have permitted proceeding under a fictitious name in exceptional cases "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings'" (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992))). The Seventh Circuit Court of Appeals has explained that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2013). In particular, the Seventh Circuit has explained that it has "limited anonymity to cases in which there is a danger of retaliation and 'when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses'" but not "merely to avoid embarrassment." *Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) (explaining, as examples, that identity would be protected to prevent publication of sexual identity or retaliation for religious beliefs) (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872) (citing *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016); *City of Chicago*, 360 F.3d at 669; *Elmbrook School Dist.*, 658 F.3d at 723–24). The decision whether to allow a party to proceed pseudonymously is within the discretion of the court. *Doe v. City of Indianapolis*, 2012 WL 639537, at *1; *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997).

   Plaintiff argues that she is at risk of financial harm to both herself and her business if her identity is made known but does not explain why this is or what particular harm she fears. Defendant argues that keeping Plaintiff's identity is detrimental to their ability to participate in the

2

case, is contrary to public policy, and not otherwise warranted. It argues that her fear of what might happen is unreasonable speculation. Plaintiff gives no specifics of what her risk of financial harm is or how her privacy concerns exceed those of any other plaintiff. In addition, to the extent that financial documents need to be filed, if at all, Federal Rule of Civil Procedure 5.2 provides for redacting such records. Given the nature of the allegations, the need for the public to have access to litigation information, and particularly information about the use of public funds, the Court concludes that Plaintiff has failed to overcome the presumption that parties' identities are public knowledge, and hence anonymity is inappropriate in this case.

Accordingly, the Court hereby **DENIES** Motion to Proceed under Pseudonym [DE 5], and **ORDERS** Plaintiff to either file an amended complaint properly identifying Plaintiff or a motion for dismissal on or before **March 10, 2025**. The Court **DENIES as moot** the relief requested in the Request of the Defendant United States of America for an Enlargement of Time to Respond to Complaint [DE 8] since Plaintiff cannot proceed on the current complaint and **ORDERS** that a response to any amended complaint should be filed in accordance with the Federal Rules. The Court **REMINDS** Plaintiff's counsel to comply with the Federal Rules of Civil Procedure and Northern District of Indiana Local Rules.

So ORDERED this 5th day of February, 2025.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record